UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MENACHEM EZAGUI,

                                        Plaintiff,

                        -against-

THE CITY OF NEW YORK, POLICE OFFICER
JACQUELI L. HARPER shield # 24348,

                                        Defendants.

------------------------------------------------------------------------x

**DEFENDANTS' LOCAL
CIVIL RULE 56.1
COUNTERSTATEMENT**


09 Civ. 5628 (PGG)


        Defendants City of New York and Police Officer Jacqueline Harper submit this
counterstatement pursuant to Local Civil Rule 56.1(b) of the Local Rules of the United States
District Court for the Southern District of New York, responding to each paragraph set forth in
plaintiff's Rule 56.1 statement.

        1.      Deny knowledge or information sufficient to form a belief as to the truth
of the allegations contained in paragraph "1" of Plaintiff's Statement of Undisputed Facts
Pursuant to Local Rule 56.1, and respectfully refer the Court to the document annexed to
Plaintiff's Affirmation in Support of Plaintiff's Cross-Motion for Summary Judgment as Exhibit
"A" for a statement of its contents.

        2.      Admit and respectfully refer the Court to the document annexed to
Plaintiff's Affirmation in Support of Plaintiff's Cross-Motion for Summary Judgment as Exhibit
"C" for a statement of its contents.

        3.      Admit that a warrant was issued for the search and seizure of the vehicle
on April 15, 2008 and respectfully refer the Court to the document annexed to Plaintiff's

Affirmation in Support of Plaintiff's Cross-Motion for Summary Judgment as Exhibit "B" for a statement of its contents.

4.     Admit and respectfully refer the Court to the document annexed to Plaintiff's Affirmation in Support of Plaintiff's Cross-Motion for Summary Judgment as Exhibit "B" for a statement of its contents.

5.     Admit that plaintiff's vehicle was seized by the New York City Police Department on April 15, 2008, pursuant to a search warrant issued on that same day.

6.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of Plaintiff's Statement of Undisputed Facts Pursuant to Local Rule 56.1 and respectfully refer the Court to the New York Police Department property vouchers annexed to Plaintiff's Affirmation in Support of Plaintiff's Cross-Motion for Summary Judgment as Exhibit "C" and "D" for a statement of their contents.

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of Plaintiff's Statement of Undisputed Facts Pursuant to Local Rule 56.1.

8.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of Plaintiff's Statement of Undisputed Facts Pursuant to Local Rule 56.1, except admit that plaintiff retrieved the property vouchers in or about February 2009, which provide notice as to post-deprivation remedies.

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of Plaintiff's Statement of Undisputed Facts Pursuant to Local Rule 56.1 except admit that plaintiff purports to have participated in a line-up on April 16, 2008.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of Plaintiff's Statement of Undisputed Facts Pursuant to Local Rule 56.1 except admit that plaintiff purports he was not identified in the line-up and was released from custody.

11.     Admit that, on information and belief, as of this writing, no criminal charges have been brought against plaintiff relating to the matter for which plaintiff's vehicle was confiscated.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of Plaintiff's Statement of Undisputed Facts Pursuant to Local Rule 56.1 and respectfully refer the Court to the document annexed to Plaintiff's Affirmation in Support of Plaintiff's Cross-Motion for Summary Judgment as Exhibit "F" for a statement of its contents.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of Plaintiff's Statement of Undisputed Facts Pursuant to Local Rule 56.1 and respectfully refer the Court to the document annexed to Plaintiff's Affirmation in Support of Plaintiff's Cross-Motion for Summary Judgment as Exhibit "G" for a statement of its contents.

14.     Admit and respectfully refer the Court to the decision of Honorable Martin P. Murphy of the Criminal Court of the State of New York, dated February 25, 2009, annexed to Plaintiff's Affirmation in Support of Plaintiff's Cross-Motion for Summary Judgment as Exhibit "H," for a statement of its contents.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of Plaintiff's Statement of Undisputed Facts

Pursuant to Local Rule 56.1 and respectfully refer the Court to the document annexed to Plaintiff's Affirmation in Support of Plaintiff's Cross-Motion for Summary Judgment as Exhibit "I" for a statement of its contents.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph "16" of Plaintiff's Statement of Undisputed Facts Pursuant to Local Rule 56.1.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of Plaintiff's Statement of Undisputed Facts Pursuant to Local Rule 56.1 and respectfully refer the Court to the documents annexed to Plaintiff's Affirmation in Support of Plaintiff's Cross-Motion for Summary Judgment as Exhibit "J" for a statement of their contents.

18.     Admit and respectfully refer the Court to the decision of Honorable Martin P. Murphy of the Criminal Court of the State of New York, dated June 5, 2009, annexed to Plaintiff's Affirmation in Support of Plaintiff's Cross-Motion for Summary Judgment as Exhibit "K," for a statement of their contents.

19.     Deny.

20.     Deny except admit that plaintiff's vehicle and certain of his property are being held by the NYPD property clerk in connection with a pending criminal matter pursuant to a state court retention order.

Dated:          New York, New York
                December 30, 2009

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendants City of New York
                                        and Police Officer Jacqueline Harper
                                        100 Church Street, Room 3-311
                                        New York, New York 10007
                                        (212) 788-9567

                                        By: _____
                                            Kathleen E. Naughton
                                            Assistant Corporation Counsel
                                            Special Federal Litigation Division

TO:     BY FIRST CLASS MAIL
        David A. Zelman
        Law Office of David A. Zelman
        612 Eastern Parkway
        Brooklyn , NY 11225